### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PANAMA CITY DIVISION

CHRISTOPHER FULFORD,

     Plaintiff,

v.                             Case No. 5:22-cv-138-TKW/MJF

ERIC BOOTH, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Because Plaintiff Christopher Fulford has failed to prosecute this action and has failed to comply with court orders, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On July 8, 2022, Fulford, a prisoner proceeding *pro se*, initiated this civil-rights action by filing a six-page complaint. Doc. 1. On July 11, 2022, because Fulford's complaint was not on the court-approved form and he did not pay the $402.00 filing fee or file a motion for leave to proceed *in forma pauperis*, the undersigned ordered Fulford (1) to file a notice of voluntary dismissal or an amended complaint on the court-approved form, and (2) to pay the $402.00 fee or file a fully-completed motion for leave to proceed *in forma pauperis*. Doc. 3. The undersigned imposed a deadline of August 10, 2022 to comply. The undersigned warned Fulford

that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to pay the filing fee, and failure to comply with the Local Rules.

On July 28, 2022, Fulford filed an amended complaint and a motion for leave to proceed *in forma pauperis*. Docs. 4, 5. On July 29, 2022, the undersigned granted Fulford leave to proceed *in forma pauperis*. Doc. 7. That same day, because Fulford's amended complaint was deficient in several respects, this court ordered Fulford to file a notice of voluntary dismissal or a second amended complaint. Doc. 6. The undersigned imposed a deadline of August 29, 2022 to comply. The undersigned again warned Fulford that that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Federal Rules of Civil Procedure and the Local Rules, and failure to state a plausible claim for relief.

On August 10, 2022, Fulford filed a second amended complaint. Doc. 8. On August 16, 2022, because Fulford failed to allege a plausible claim for relief, the undersigned ordered Fulford to file a notice of voluntary dismissal or a third amended complaint. Doc. 9. The undersigned imposed a deadline of September 15, 2022 to comply. The undersigned again warned Fulford—for a third time—that his failure to comply with the order likely would result in dismissal of this action for

failure to comply with an order of the court, failure to prosecute, and failure to state a plausible claim for relief. Fulford did not comply with that order.

On September 29, 2022, the undersigned ordered Fulford to explain and show cause why he failed to comply with the undersigned's order of August 16, 2022. Doc. 11. The undersigned imposed a deadline of October 20, 2022 to comply. The undersigned again warned Fulford—for a fourth time—that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to state a plausible claim for relief. As of the date of this report and recommendation, Fulford has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*,

370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On August 16, 2022, the undersigned ordered Fulford to file a notice of voluntary dismissal or a third amended complaint. Doc. 9. Despite having *more than two months* to comply with the undersigned's order, Fulford has not prosecuted this action in any respect. He also has not complied with the undersigned's order to show cause. For these reasons, this action should be dismissed without prejudice.[1]

---

[1] One order issued by the undersigned was returned to the clerk of the court as "undeliverable." Doc. 10. But that does not alter the undersigned's recommendation. Fulford is responsible for keeping this court apprised of his current address, and his failure to do so here further evidences his failure to prosecute this action. *See* Doc. 7 at 3. Additionally, the clerk of the court remailed the "undeliverable" order to an updated address for Fulford. Doc. 10. The remailed order has not been returned to the clerk of the court and Fulford has not responded to the order in any respect.

### III. Conclusion

Because Fulford has failed to prosecute this action and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1.     **DISMISS** this action without prejudice.

2.     **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 1st day of November, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**